FILED - GR
January 26, 2010 2:58 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald_/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Shelly Donahue,** ) | |
| ) | |
| Plaintiff, ) | |
| ) Hon. | **1:10-cv-75** |
| v. ) | **Gordon J Quist** |
| ) | **U.S. District Judge** |
| **Valentine & Kebartas, Inc.,** ) | |
| a Massachusetts corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Complaint**

**I. Introduction**

1. This is an action for damages, brought against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II. Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III. Parties**

3. Plaintiff Shelly Donahue is a natural person residing in Barry County, Michigan. Ms. Donahue is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Ms. Donahue is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant Valentine & Kebartas, Inc. ("VK) is a Massachusetts corporation, with offices 15 Union Street, Lawrence, Massachusetts 01840. The registered agent for VK in Michigan is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. VK uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. VK regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. VK is a "debt collector" as the term is defined and/or used in the FDCPA. VK is licensed (No. 2402001834) by the State of Michigan to collect consumer debts in Michigan. VK is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV. Facts**

5. Ms. Donahue used a credit account to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor or a successor in interest claimed that the debt was not paid and hired VK to collect the allegedly delinquent debt.

7. Alternatively, VK purchased the debt after the account allegedly became delinquent.

8. Ms. Donahue disputes the debt.

9. Ms. Donahue refuses to pay the debt.

10. In or about December 2009 or January 2010, a female VK employee telephoned

2

Ms. Donahue's home telephone and left the following recorded message on Ms. Donahue's voice mail: "This is a message for Shelly Donahue. Shelly, my name is Belinda [last name unintelligible]. Would you return the call at 800-731-7766. My extension is 261. Thank you."

11. In or about January 2010, VK telephoned Ms. Donahue and used a pre-recorded and/or computer-generated voice to leave the following message: "Hello. This is a very important message for Shelly Donahue. This is not a sales or marketing call. Press the nine key now, or call us back at 800-731-7766."

12. Each recorded messages left by VK and/or its employee on Ms. Donahue's voice mail conveyed information regarding a debt directly or indirectly to Ms. Donahue.

13. Each recorded message left by VK and/or its employee on Ms. Donahue's voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

14. VK and its employee left a recorded message on Ms. Donahue's voice mail that did not disclose in the message that the telephone call was from a debt collector.

15. By failing to disclose in a recorded message left by VK on Ms. Donahue's voice mail that the caller was a debt collector, VK violated the FDCPA, 15 U.S.C. § 1692e(11).

16. When VK and/or its employee left a recorded message for Ms. Donahue on her voice mail, VK was aware or should have been aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

17. VK is a member of ACA International ("ACA").

18. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), VK has been a member of ACA since 1994.

19. Over the past two or more years, ACA sent multiple writings to its members, discussing the various federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

20. VK has been sued in the past for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector in violation of the FDCPA.

21. In December 2009 and January 2010, it was the practice of VK in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

22. In December 2009 and January 2010, VK and its employees when telephoning consumers in connection with the collection of a debt used a script and left a recorded message on the consumer's voice mail or telephone answering machine which script failed to disclose that the caller was a debt collector.

23. In December 2009 and January 2010, VK did not require its employees when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine to state that the caller was a debt collector.

24. VK and its employee left a recorded message on Ms. Donahue's voice mail

that did not disclose in the message that the telephone call was from "Professional Bureau of Collections of Maryland."

25. VK and its employee left a recorded message on Ms. Donahue's voice mail that did not include a meaningful disclosure of the caller's identity, which violated the FDCPA, 15 U.S.C. § 1692d(6).

26. In December 2009 and January 2010, it was the practice of VK in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from VK.

27. In December 2009 and January 2010, VK and its employees when telephoning consumers in connection with the collection of a debt used a script and left a recorded message on the consumer's voice mail or telephone answering machine which script failed to disclose that the call was from "Professional Bureau of Collections of Maryland."

28. In December 2009 and January 2010, VK did not require its employees when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine to state that the call was from "Professional Bureau of Collections of Maryland."

29. VK and its employee left a recorded message on Ms. Donahue's voice mail that did not reveal the purpose of the telephone call.

30. VK and its employee left a recorded message on Ms. Donahue's voice mail that concealed the purpose of the communication.

31. The recorded message left by VK and its employee on Ms. Donahue's voice mail concealed or did not reveal the purpose of the communication, which violated the MOC,

5

M.C.L. § 339.915(e).

32.     In December 2009 and January 2010, it was the practice of VK in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine which message concealed or did not reveal the purpose of the communication.

33.     In December 2009 and January 2010, VK and its employees when telephoning consumers in connection with the collection of a debt used a script and left a recorded message on the consumer's voice mail or telephone answering machine which script concealed or did not reveal the purpose of the communication.

34.     In December 2009 and January 2010, VK allowed its employees to conceal the purpose of the communication when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine.

35.     In December 2009 and January 2010, VK did not require its employees to reveal the purpose of the communication when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine.

36.     In the one-year period immediately preceding the filing of this complaint, VK and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, failing to disclose in the message that the communication was from a debt collector.

37.     In the one-year period immediately preceding the filing of this complaint, VK

6

and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, without making a meaningful disclosure in the message of the caller's identity.

38. In the one-year period immediately preceding the filing of this complaint, VK and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, without stating in the message that the telephone call was from VK.

39. In the one-year period immediately preceding the filing of this complaint, VK and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, which messages concealed or did not reveal the purpose of the telephone call.

40. The acts and omissions of VK and its employee done in connection with efforts to collect a debt from Ms. Donahue were done wilfully.

41. VK and its employee wilfully violated the FDCPA and MOC.

42. As an actual and proximate result of the acts and omissions of defendant and/or its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

43. Plaintiff incorporates the foregoing paragraphs by reference.

44. Defendant has violated the FDCPA. Defendant's violations of the FDCPA

include, but are not necessarily limited to, the following:

    a)    Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    b)    Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

    c)    Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    d)    Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

45.    Plaintiff incorporates the foregoing paragraphs by reference.

46.    Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

    a)    Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)    Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c) Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

d) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 26, 2010

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com